**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Eddie James Thomas,

Plaintiff,

v.

State of Nevada,

Defendant.

Case No. 2:25-cv-02232-JAD-DJA

**Report and Recommendation**

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 10). Plaintiff also submitted a complaint. (ECF No. 8-1).[1] The undersigned magistrate judge now screens Plaintiff's complaint and recommends dismissing it without leave to amend because Plaintiff sues an immune defendant and because Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Because the undersigned recommends dismissing Plaintiff's complaint without leave to amend, the undersigned also recommends denying Plaintiff's application to proceed *in forma pauperis*. (ECF No. 10).

[1] After the Court denied Plaintiff's first application to proceed *in forma pauperis*, Plaintiff filed a renewed application attaching another complaint. The complaint attached to the renewed application is similar in substance to the complaint attached to Plaintiff's initial application, but does not include the exhibits attached to the first. *Compare* (ECF No. 1-1) *with* (ECF No. 1-8). Although it is not clear that it was Plaintiff's intent to amend the complaint, the Court nonetheless screens Plaintiff's most recent complaint, the one attached to his second application for leave to proceed *in forma pauperis*, because amended complaints generally supersede original complaints and because a complaint must be complete in itself without reference to a prior complaint. *See Ramirez v. Count of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (explaining that it is "well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (internal quotations omitted); *see* LR 15-1(a) (explaining that a proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading).

**I. *In forma pauperis* application.**

Plaintiff has filed the affidavit required by § 1915(a). (ECF No. 10). However, as outlined more fully below, upon screening Plaintiff's complaint, the undersigned finds that dismissal without leave to amend is appropriate. So, the undersigned will recommend denying Plaintiff's application to proceed *in forma pauperis* (ECF No. 10) as moot.

**II. Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings

drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III. Screening the complaint.**

Plaintiff sues the State of Nevada for damages under 28 U.S.C. § 1983,[2] bringing three causes of action he asserts across two claims: (1) violation of the Due Process Clause of the Fourteenth Amendment; (2) cruel and unusual punishment in violation of the Eighth Amendment; and (3) retaliation in violation of the First Amendment. Plaintiff alleges that the district court which sentenced him in 2007 in an underlying criminal case improperly introduced evidence of prior convictions to enhance his sentence and that his criminal defense attorneys failed to oppose

[2] Plaintiff does not explicitly state that his claims arise under 28 U.S.C. § 1983. However, he brings his claims under the United States Constitution. 28 U.S.C. § 1983 is the procedural device for enforcing substantive provisions of the Constitution and so, Plaintiff's claims against the State arise under it. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

the district court's introduction of this evidence. He also alleges that the court retaliated against him during sentencing because Plaintiff would not take a plea. He claims that the sentencing court's introduction of evidence of Plaintiff's prior convictions has resulted in the parole board denying Plaintiff parole.

The undersigned magistrate judge recommends dismissal of Plaintiff's case with prejudice because: (1) Plaintiff attempts to sue an immune Defendant; and (2) because Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

First, the only named Defendant in this case is the State of Nevada. The undersigned recommends dismissal of Defendant State of Nevada, with prejudice, as amendment would be futile. Plaintiff cannot raise 42 U.S.C. § 1983 claims against the State of Nevada due to Eleventh Amendment sovereign immunity. *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983); *see* NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity).

Second, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and "the federal habeas corpus statute ... both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, ... [but] they differ in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 480 (1994)). Federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of *habeas corpus* proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported

deficiencies in his state court criminal case which effected a conviction or lengthier sentence, his sole federal remedy is a writ of *habeas corpus*. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93. Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Here, Plaintiff appears to be challenging his 2007 state court criminal conviction and proceedings. However, he has not demonstrated that his conviction has been overturned. And it does not appear from public records that it has been. *See State of Nevada v. Eddie J. Thomas*, No. 06C219039. So, Plaintiff's sole relief is a *habeas corpus* action. The undersigned therefore recommends dismissal of this case without leave to amend because amendment would be futile. *See Cato v. United States*, 70 F.3d 1103, 1106-1107, 1111 (9th Cir. 1995).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 10) be **denied as moot.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint (ECF No. 8-1) be **dismissed without leave to amend.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: October 1, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE